UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LYNETTE N.,

                                 Plaintiff,                  Case # 20-CV-1405-FPG

v.                                                                      DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                 Defendant.
_____

## INTRODUCTION

Plaintiff Lynette N. brought this appeal of the Social Security Administration's ("SSA") decision to deny her disability benefits. ECF No. 1. On July 9, 2021, the Court reversed the final decision of the Commissioner and remanded the case for further proceedings consistent with the parties' stipulation. ECF No. 12. The Court entered a Stipulation and Order awarding Plaintiff's attorney $5,799.81 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 17.

Thereafter, the SSA issued a Notice of Award granting Plaintiff benefits. *See* ECF No. 19-3 at 1. Plaintiff now moves for $15,836.59 in attorney's fees under 42 U.S.C. § 406(b). ECF No. 19.

For the reasons that follow, Plaintiff's motion is GRANTED, and counsel is awarded $15,836.59 in fees.

## DISCUSSION

Before turning to the merits of Plaintiff's motion, the Court addresses the issue of timeliness. Under *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019), the limitations period for filing a motion under § 406(b) is found in Federal Rule of Civil Procedure 54(d)(2)(B). *See Sinkler*, 932 F.3d at 87–88. That rule requires that a motion for attorney's fees be filed "no later than 14 days

after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). Where the "judgment" is a remand for further administrative proceedings, the limitations period is subject to equitable tolling until the "conclusion of the remand proceedings." *Sinkler*, 932 F.3d at 86. Tolling is necessary because "parties who must await the Commissioner's award of benefits on remand cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award." *Id.* at 88. "Once counsel receives notice of the benefits award"—and therefore "the maximum attorney's fees that may be claimed"—the fourteen-day period starts, "just as it would apply to any other final or appealable judgment." *Id.* District courts are "empowered to enlarge that filing period where circumstances warrant." *Id.* at 89.

Under the circumstances, the Court will not reject Plaintiff's motion as untimely. Attorney Comerford avers that, although the SSA issued Plaintiff's Title II Notice of Award on January 15, 2023, her firm did not receive it until January 31, 2025. ECF No. 19-2 ¶ 23. Specifically, she explains that after remand, her firm referred Plaintiff back to her administrative attorney and at that time, he took over representing her before the Social Security Administration. *Id.* ¶ 11. Attorney Comerford avers that on January 25, 2025, her firm received a letter from the Social Security Administration informing the firm that funds were being withheld for payment of attorney's fees in this case. *Id.* ¶ 23. Attorney Comerford believes that her firm did not learn of the award prior to this letter because the information was presumably sent to Plaintiff and her administrative counsel. *Id.* ¶ 13.

After receiving this letter, a fee specialist reached out to Plaintiff's administrative counsel on January 31, 2025, to obtain the Notice of Award, and the administrative counsel sent it to the firm that day. *Id.* ¶ 23. On February 14, 2025, the firm's fee specialist reached out to administrative counsel again to obtain the ALJ's fully favorable decision, and he sent it that day. *Id.* Attorney

2

Comerford further explains that while based on her office's receipt of the Notice of Award, the motion for fees under 42 U.S.C. § 406(b) was due on Friday, February 14, 2025, it took some time to draft the motion after receiving the fully favorable decision on February 14, 2025. *Id.* She therefore argues that the motion should be treated as timely because it was filed on the next business day, February 17, 2025. ECF No. 19-1 at 3.

The Court agrees. As the Second Circuit noted in *Sinkler*, a party cannot be "expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award," and therefore the 14-day limitations period is tolled until "counsel receive[d] the notice of the benefits award." 932 F.3d at 88. In this case, Attorney Comerford avers that her firm did not receive the Notice of Award until January 31, 2025. ECF No. 19-2 ¶ 23. Therefore, the limitations period did not begin until January 31, 2025. While the motion is one day untimely, given the circumstances described by Attorney Comerford, the Court excuses the untimeliness of the motion. *See Wanda R. v. Comm'r of Soc. Sec.,* No. 21-CV-06105, 2024 WL 1326290, at *3 (W.D.N.Y. Mar. 28, 2024) (holding that plaintiff's untimely filing of a § 406(b) motion for attorney's fees was excused where the delay in filing was relatively brief, the attorney invested additional time and effort into determining whether to file the instant motion, and there was no prejudice to another party).

The Court now turns to the merits. The Social Security Act provides that

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

Within the 25% boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, No. 17-CV-06430, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)). The statute also requires "court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.*

After a court confirms that the fee is within the 25% statutory boundary, it analyzes three factors to determine if the resulting fee is reasonable. Those factors are: (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor. *Id.* (citation omitted).

The Court has reviewed each factor to assure that the requested fee is reasonable. As an initial matter, counsel's request for $15,836.59 in fees represents less than 25% of the award and does not exceed the statutory cap. *See* ECF No. 19-1 at 2.

As to the first factor, the Court finds that the requested fee is in line with the character of the representation and the results it achieved, because counsel filed a motion for judgment on the pleadings with non-boilerplate arguments and obtained a remand by stipulation, which ultimately led to a favorable decision awarding Plaintiff benefits. *See* ECF Nos. 10, 12. As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings in an attempt to inflate past due benefits and the potential fee award.

As to the third factor, *i.e.*, whether the fee award constitutes a windfall to the attorney, courts often examine the lodestar figure to help them make this determination. *See Abbey*, 2019

WL 336572, at *2; *see generally Fields v. Kijakazi*, 24 F.4th 845 (2d Cir. 2022). Here, counsel spent 27.9 hours in connection with the appeal to this Court. ECF No. 19-7 at 2. Dividing the $15,836.59 fee requested by 27.9 hours yields an hourly rate of $567.62. This Court has found higher rates reasonable where, as here, counsel developed meritorious, non-boilerplate arguments on the claimant's behalf. *McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926, 2019 WL 1375084, at *2 (W.D.N.Y. Mar. 27, 2019) (awarding fees with effective hourly rate of $1,051.64); *see also Torres v. Colvin*, No. 11-CV-5309, 2014 WL 909765, at *4 (S.D.N.Y. Mar. 6, 2014) ("[A] substantial body of caselaw has awarded rates that approach, if they do not exceed, $1,000.00."); *Morrison v. Saul*, No. 16-CV-4168, 2019 WL 6915954, at *3 (S.D.N.Y. Dec. 19, 2019) (approving fees based on effective hourly rate of $935.52). Accordingly, based on all of the above, the Court concludes that the requested fee award is reasonable. Furthermore, counsel must refund the EAJA fees to Plaintiff.[1]

## CONCLUSION

Plaintiff's motion for attorney's fees under § 406(b) (ECF No. 19) is GRANTED and Plaintiff is awarded $15,836.59 in fees. The Court directs the Commissioner to release those funds withheld from Plaintiff's benefits award. After counsel receives the § 406(b) fee, counsel must remit the $5,799.81 EAJA fee to Plaintiff.

IT IS SO ORDERED.

Dated: March 25, 2025
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[1] Counsel requests that the Court adopt a "netting" approach whereby she elects to have her request under § 406(b) reduced by the amount of the previously received EAJA fees so she need not remit the EAJA fees to Plaintiff. ECF No.19-1 at 11–14. As counsel cites no precedent from this Circuit to support the adoption of the "netting" approach, the Court declines the request.